# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| SUE A. MARTIN, ) | Case No. 2:13-cv-01388-APG-CWH |
| Plaintiff, ) | **ORDER AND FINDINGS AND** |
| vs. ) | **RECOMMENDATION** |
| MICHAEL J. ASTRUE, ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY ADMINISTRATION, ) | |
| Defendant. ) | |

This matter was referred to the undersigned Magistrate Judge on Plaintiff's Application for Leave to Proceed *In Forma Pauperis* (#1), filed on August 5, 2013. The Court also considered Exhibits (#2) and (#3), filed on August 5, 2013.

Pursuant to 28 U.S.C. § 1914(a), a filing fee of $350.00 is required to commence a civil action in federal district court in addition to a new $50 administrative fee, effective May 1, 2013, for a total of $400. The court may authorize the commencement of an action "without prepayment of fees and costs or security therefor, by a person who makes affidavit that [s]he is unable to pay such costs or give security therefore." 28 U.S.C. § 1915(a).

Plaintiff submitted the affidavit required by § 1915(a) to show that she is unable to prepay fees and costs or give security for them. In Plaintiff's Application to Proceed *In Forma Pauperis*, Plaintiff reports that she receives public assistance in the form of $450 per month and food stamps for $174, which totals $624 per month. Additionally, Plaintiff indicates that her monthly expenses are $110 on utilities and $300 on rent for a total of $410 per month. Based on this information, the Court finds that Plaintiff's income is sufficient to pay the filing fee in this case. *See Ross v. San Diego County*, 2008 WL 440413 (S.D. Cal. Feb. 14, 2008) (finding plaintiff did not qualify to proceed *in forma pauperis* where she received $2,100 in disability payments, owned a car and house, and "carried significant

1   debt"); *see also Samuel v. Nat'l Health Svs., Inc.*, 2006 WL 2884795 at *1 (E.D. Cal. Oct. 10, 2006)

2   (denying IFP application where plaintiff received $752.40 per month in Supplemental Security Income

3   and had received a $10,000.00 judgment and owned a van valued at $500.00) (*citing Green v. Cotton*

4   *Concentration Co.*, 294 F.Supp. 34, 35 (D.C. Tex. 1968) (affidavit of indigency insufficient to establish

5   indigency where both employed plaintiffs earned less than $350); *Matter of Anderson*, 130 B.R. 497,

6   500 (W.D. Mich. 1991) (earnings of $950 per month insufficient to show indigency where poverty level

7   in Michigan was $6,620 per year)**;** *In re Fontaine*, 10 B.R. 175, 177 (D. R.I. 1981) (no indigency where

8   weekly net pay of $132, no dependents, and lived with mother to whom she paid $25 per week); *Rucker*

9   *v. County of Santa Clara*, 2003 WL 21440151 (N.D. Cal. June 17, 2003) (sufficient showing of

10  indigency where plaintiff received $748.42 per month, and that amount was exceeded by his

11  outstanding monthly expenses and debt)).

12          Plaintiff's income exceeds her expenses.  Accordingly, the Court finds that Plaintiff has not

13  satisfied the indigency requirement of 28 U.S.C. § 1915(a)(1) and she is able to pay the costs of

14  commencing this action.  Having concluded that Plaintiff is not entitled at this time to proceed *in forma*

15  *pauperis*, the Court need not screen the complaint under 28 U.S.C. § 1915(e)(2)(B), which requires the

16  dismissal of the case at any time if the Court determines that it is frivolous or malicious or fails to state

17  a claim upon which relief can be granted or seeks monetary relief against a defendant who is immune

18  from such relief.

19          Further, the Court notes that Plaintiff filed duplicate Exhibits in (#2) and (#3).  Accordingly, the

20  Court will strike Exhibits (#3).

21          Based on the foregoing and good cause appearing therefore,

22                                          **ORDER**

23          **IT IS HEREBY ORDERED** that the Clerk of the Court shall strike Exhibits (#3) as it is a

24  duplicate filing with respect to Exhibits (#2).

25                                    **RECOMMENDATION**

26          **IT IS RECOMMENDED** that Plaintiff's Application to Proceed *in Forma Pauperis* (#1) be

27  **DENIED**.  Plaintiff should be required to pay the filing fee of $400.00 within thirty days from the date

28  that an Order denying Plaintiff's Application is entered.  Failure to comply with that Order will result in

the Court recommending dismissal of this action.

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Dated this 6th day of August, 2013.

**C.W. Hoffman, Jr.**
**United States Magistrate Judge**

3