# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SUE A. MARTIN,<br><br>        Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN,<br><br>        Defendant. | Case No. 2:13-cv-01388-APG-CWH<br><br>**ORDER (1) GRANTING MOTION TO RECONSIDER AND REMANDING TO THE ALJ; (2) DENYING WITHOUT PREJUDICE MOTION FOR ATTORNEY'S FEES; AND (3) DENYING AS MOOT MOTIONS TO STRIKE AND STAY**<br><br>(ECF Nos. 31, 34, 36, 37) |

Plaintiff Sue Martin filed suit seeking judicial review of the Social Security Administration's ("SSA") denial of her application for benefits. Martin moved to remand to the administrative law judge ("ALJ") to determine the proper disability onset date. ECF No. 16-1. The Magistrate Judge recommended that instead of remanding to the ALJ, I set the disability onset date as September 27, 2011 because Martin proposed that date, so there was no ambiguity that necessitated a remand. ECF No. 27 at 8. I accepted the Magistrate Judge's recommendation. ECF No. 30.

Martin now requests I reconsider that ruling, arguing that the SSA agreed that a remand to the ALJ to determine the onset date was appropriate. Martin also moves for attorney's fees under the Equal Access to Justice Act, although she concedes that motion may be premature.

The SSA opposes Martin's reconsideration request, arguing that she has not identified on what basis the prior order should be altered or amended. The SSA also moves to stay the remand to the ALJ pending my ruling on Martin's reconsideration motion. Finally, the SSA moves to strike Martin's motion for attorney's fees as premature.

I grant Martin's reconsideration motion. *See Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001); LR 59-1. The conclusion that Martin proposed September 27, 2011 as the unambiguous onset date was clearly erroneous. Martin's motion to remand did not propose

any onset date. ECF No. 16. In her reply, Martin argued that even if the SSA's position was accepted, then "at a minimum" the disability onset date should be September 27, 2011. ECF No. 26 at 1. However, Martin did not propose that as the onset date. Rather, she argued that the onset date must be earlier because "the very fact that a cervical MRI had been ordered for September 2011 confirms that Ms. Martin had been complaining of such serious physical symptoms that further study was warranted." *Id.* at 4. She also stated that it was important that her disability onset date be before March 30, 2011, because that is the date she was last insured for Title II disability insurance benefits. *Id.* at 2 n.2; *see also* ECF No. 16-1 at 5.

The SSA agreed that remand to the ALJ for a determination of the disability onset date was appropriate. ECF No. 29 at 2 ("The Commissioner agrees that the case should be remanded for further proceedings so that the ALJ may consider the import of the September 27, 2011 MRI. . . ."); *id.* at 5 ("[T]he Commissioner requests the Court remand this case for further proceedings so that the ALJ may consider the impact of the September 27, 2011 MRI on Plaintiff's alleged disability onset date and deny Plaintiff's request to order the agency to seek testimony of a medical expert."). Additionally, the SSA recognized that Martin was seeking an onset date prior to March 30, 2011. *Id.* at 3.

Consequently, it was clear error to conclude that Martin proposed an unambiguous disability onset date of September 27, 2011. I therefore grant Martin's motion to reconsider and remand to the ALJ to consider the impact of the September 27, 2011 MRI on her disability onset date.[1]

I deny as premature Martin's motion for attorney's fees under the Equal Access to Justice Act, without prejudice to renew. *See* 28 U.S.C. § 2412 (d)(1)(B) (stating that the party seeking fees must file the fee application within thirty days of "final judgment in the action"); *id.* § 2412(d)(2)(G) (defining "final judgment" to mean "a judgment that is final and not appealable, and includes an order of settlement"). I deny the SSA's motions to strike and to stay as moot.

---

[1] In her motion to reconsider, Martin states she "will no longer pursue before this Court an argument that medical expert testimony must be received upon remand to the ALJ." ECF No. 31 at 2. I therefore express no opinion on this issue.

IT IS THEREFORE ORDERED that plaintiff Sue Martin's motion to reconsider **(ECF No. 31) is GRANTED**. This case is **REMANDED** to the ALJ to consider the impact of the September 27, 2011 MRI on Martin's disability onset date.

IT IS FURTHER ORDERED that plaintiff Sue Martin's motion for attorney's fees **(ECF No. 34) is DENIED without prejudice to renew**.

IT IS FURTHER ORDERED that defendant Carolyn Colvin's motions to strike **(ECF No. 36)** and to stay **(ECF No. 37) are DENIED as moot**.

DATED this 27th day of June, 2016.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE